UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALD THOMAS                                    CIVIL ACTION

VERSUS                                           NUMBER: 07-3467

GARRETT PARKER                                   SECTION: "R"(5)


**REPORT AND RECOMMENDATION**


Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed in forma pauperis by pro se plaintiff, Gerald Thomas, against defendant, Garrett Parker, a Probation and Parole Officer with the Louisiana Department of Public Safety and Corrections.

Plaintiff is an inmate of the Rayburn Correctional Center ("RCC", formerly the Washington Correctional Institute), Angie, Louisiana.  Although his complaint and supporting papers are by no means a model of clarity, plaintiff variously complains that the Louisiana supervised parole statute invades his privacy and that

his "good time" and full term release dates have been improperly calculated.  In his prayer for relief, plaintiff seeks an immediate release due to diminution of sentence for good behavior.

Plaintiff herein does not attack the underlying conviction for which he was originally incarcerated.  Instead, he challenges the legality of the parole conditions to which he was subject in the past and/or may be subjected to in the future as well as the computation of his release date.  As such, the instant matter is more properly characterized as a habeas corpus proceeding brought pursuant to 28 U.S.C. §2241 rather than a civil rights action under §1983.  Coronado v. U.S. Board of Parole, 540 F.2d 216, 217 (5th Cir. 1976)(citing Jones v. Cunningham, 371 U.S. 236, 83 S.Ct.373 (1963)); Batiste v. State, 1999 WL 102027 at *1 (E.D. La. 1999)(quoting King v. Lynaugh, 729 F.Supp. 57, 58 (W.D. Tex. 1990)).  Just like conventional habeas petitioners proceeding under 28 U.S.C. §2254, prisoners who seek relief pursuant to §2241 must first exhaust the remedies that are available to them under state law.  Batiste, 1999 WL 102027 at *1.  The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion.  Knox v. Butler, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990).

Thomas indicates on the face of his complaint, in answer to Question I(A) of the pre-printed §1983 form, that he has not filed any other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to his imprisonment.  Accordingly, to the extent that the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice to allow Thomas to exhaust the remedies that are available to him under state law.[1]/

To the extent that plaintiff's lawsuit can be construed as presenting a claim under §1983, it should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  In his complaint, plaintiff sets forth no facts regarding any personal involvement on the defendant's part, an essential element of a civil rights cause of action.  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983)(citing Rizzo v. Goode, 423 U.S. 362, 371-72, 96 S.Ct. 598, 604-05 (1976)).  Moreover, the sole relief requested by plaintiff, i.e., his immediate release from imprisonment, is available to him

---

[1]/ The Court parenthetically notes that under Louisiana law, venue for state court actions contesting the computation of an inmate's sentence, discharge, "good time" dates, or any action concerning parole shall be in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.  See LSA-R.S. 15:571.15 and R.S. 15:574.2(B)(3).

through habeas corpus proceedings, but only after he has properly exhausted available state court remedies.  See <u>Mills v. Criminal District Court</u>, 837 F.2d 677, 679 n. 1 (5th Cir. 1988).

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that plaintiff's complaint, to the extent that it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust state court remedies.

It is further recommended that plaintiff's complaint, to the extent that it can be construed as raising a claim under 42 U.S.C. §1983, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>16th</u> day of <u>July</u>, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

4